UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JANE DOE, as Guardian of J. DOE, a minor, and in her individual capacity,<br><br>Plaintiff,<br><br>v.<br><br>WASHOE COUNTY SCHOOL DISTRICT, *et al.*,<br><br>Defendants. | Case No. 3:23-cv-00129-ART-CLB<br><br>ORDER) |

Plaintiff brings this case under 42 U.S.C. § 1983 on behalf of herself (Jane Doe) and her minor child (J. Doe) alleging that Defendant Washoe County School District (WCSD) has violated her and her child's constitutional rights. Plaintiff claims that WCSD, by issuing Administrative Regulation 5161, which establishes district protocols related to transgender and gender non-conforming students, has violated her Substantive Due Process parental rights, her child's First Amendment right to free speech, and their shared First Amendment right to the free exercise of their religion.

In its Motion to Dismiss (ECF No. 24), WCSD argues, among other things, that this Court lacks subject matter jurisdiction to hear Plaintiff's claims. The Court agrees and dismisses this action under Rule 12(b)(1) for lack of subject matter jurisdiction and denies as moot Plaintiff's Motion for Preliminary Injunction (ECF No. 12).

**I.     BACKGROUND**

J. Doe is a student at Depoali Middle School, which is in the WCSD. (ECF No. 1 at 14, ¶ 1.) In January of 2023, J. Doe informed his mother that his teacher had hung "a lesbian flag" in his classroom. (*Id.* at ¶ 2.) Plaintiff complained of the flag to the school's administration and was told by Depoali's principal that

1   "hanging the flag was prohibited" under WCSD policy. (*Id.* at ¶ 3.) During that
2   conversation, she learned of WCSD's Administrative Regulation 5161 and their
3   "Brave Space" program.

4   AR 5161 establishes guidelines around the treatment of transgender and
5   gender non-conforming students in the WCSD. Among other things, it prohibits
6   teachers from disclosing the gender identity of gender non-conforming students
7   to their parents and indicates that WCSD may consider it harassment for one
8   student to intentionally and persistently refuse to respect the gender identity of
9   another student. (*Id.* at 8, ¶ 7; 11, ¶ 27.)

10  The Brave Space program is an opt-in program for teachers, which allows
11  them to take a three-part course on making their classrooms supportive to
12  LGBTQ+ students. (*Id.* at 14-15, ¶ 8.) Teachers who complete the program receive
13  Brave Space placards, which they can display in their classrooms, indicating to
14  students that they "are [] safe staff member[s] to discuss matters pertaining to
15  sensitive topics." (*Id.*) Although Plaintiff does not challenge the Brave Space
16  program in her Complaint, she argues without support in her Response that it is
17  related to AR 5161.

18  The Complaint alleges that, sometime after his mother spoke to the school
19  principal, J. Doe was "retaliated against" by WCSD. (*Id.* at 15, ¶¶ 9-11.) The
20  Complaint does not state the cause of that retaliation or assert a cause of action
21  for retaliation. Nor does the Complaint allege whether or how the retaliation was
22  related to AR 5161.

23  Plaintiff asserts eight causes of action. First, she asserts a violation of her
24  parental rights, under the Fourteenth Amendment, to direct the education of her
25  child, to direct the upbringing of her child, to direct the mental health and
26  medical decisions of her child, and to enjoy familial privacy (claims 1, 2, 3, and
27  7). Next, she asserts a violation of her child's First Amendment rights to be free
28  from compelled speech and to enjoy the free exercise of his religion (claims 4 and

8). Finally, she argues that AR 5161 is invalid under the First and Fourteenth Amendments because it is overbroad and vague (claims 5 and 6).

## II.     LEGAL STANDARD

A defendant may seek dismissal of a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting claims in federal court bears the burden of demonstrating the court's jurisdiction over those claims. *See In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008). 12(b)(1) attacks on subject matter jurisdiction can be facial or factual. "Where a defendant claims only that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction," the Court treats their challenge as facial. *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) (internal quotation marks and citations omitted). Defendants in this case argue only that Plaintiff has failed to allege facts sufficient to establish subject matter jurisdiction. The Court therefore treats Defendants' jurisdictional challenge as facial and asks "whether the complaint alleges sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Terenkian*, 694 F.3d at 1131 (internal quotation marks and citations omitted).

## III.    DISCUSSION

Defendants argue that Plaintiff fails to allege that she or her child have suffered the kind of particularized injury necessary to establish standing to challenge the constitutionality of AR 5161. Defendants argue that Plaintiff does not allege facts in her Complaint that bring her and her son within the purview of AR 5161, for example, by alleging that J. Doe was disciplined for violating AR 5161 or is otherwise subject to its provisions. Although Plaintiff responds that her child was harmed by seeing the "lesbian flag" in his classroom and by the school's policy adopting the "Brave Space" "curriculum and protocol" by separate regulation (ECF No. 36 at 9-10), her allegations related to "curriculum and protocol" were not raised in her Complaint, and she does not explain how the

1  lesbian flag or Brave Space sticker are connected to AR 5161.

2  Article III of the United States Constitution requires that plaintiffs demonstrate their standing to bring a case in federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Without standing, the court has no jurisdiction to hear the case, and the claims must be dismissed. To demonstrate standing, a plaintiff must show (1) she suffered an "injury in fact," (2) there is a "causal connection between the injury and the conduct complained of," (3) it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 560-61. "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561.

Plaintiff alleges four sets of injuries: (1) her child witnessed a lesbian flag and Brave Space sticker in one of his classrooms, "which he found offensive" (ECF No. 1 at 14, ¶ 3; No. 36 at 9); (2) her child was subject to "'Brave Space' curriculum and protocol under the Regulation of 516[1]" (ECF No. 36 at 9); (3) her child was retaliated against by his school's administration (ECF No. 1 at 15, ¶ 9); (4) her parental rights and her and her child's First Amendment rights could be violated, were J. Doe's behavior ever to fall under the purview of AR 5161. (*See, e.g.,* ECF No. 1 at 35, ¶ 113 ("Defendants' actions . . . conflict with Plaintiffs' religious beliefs by prohibiting them from being informed of mental health issues their children are or might be undergoing . . . .").).

Plaintiff's first three alleged injuries, on the flag, brave space curriculum, and retaliation, fail on causation grounds. To survive WCSD's Motion to Dismiss, Plaintiff must demonstrate a "causal connection" between her child's injuries and the conduct of which she complains: the promulgation and implementation of AR 5161. *Lujan*, 504 U.S at 560. Plaintiff has alleged no causal connection between AR 5161 and the lesbian flag, which the principal told her violated school policy, or the Brave Space sticker. It is not apparent from Plaintiff's Complaint what relationship there is, if any, between WCSD's Brave Space program and AR 5161.

4

1  Plaintiff argues in her Response to WCSD's Motion to Dismiss, that "'Brave Space'
2  curriculum and protocol" were somehow enforced under AR 5161 (her second
3  alleged harm), but her Complaint contains no such allegation. (ECF No. 36 at 9.)
4  In fact, her description of the Brave Space program indicates that Brave Space is
5  unrelated to both AR 5161 and school curriculum—it is an opt-in staff training
6  program that helps teachers establish competency around the needs of LGBT
7  students. In a facial attack on subject matter jurisdiction, such as this one, the
8  Court may look no further than the Complaint in determining whether a plaintiff
9  has alleged facts sufficient to survive a motion to dismiss. *Terenkian*, 694 F.3d at
10 1131.

11  The alleged retaliation against J. Doe (the third alleged injury) also appears
12 unrelated to AR 5161. Plaintiff alleges that her child was "retaliated against and
13 isolated in disciplinary proceedings," but does not allege how that retaliation is
14 causally related to AR 5161. For the above reasons, any claims related to the first
15 three injuries alleged by Plaintiff must be dismissed.

16  Finally, any remaining harms alleged by Plaintiff—captured in the fourth
17 bucket of injuries, above—fails to meet the standard for an "injury in fact" An
18 "injury in fact" is "an invasion of a legally protected interest which is (a) concrete
19 and particularized and (b) actual or imminent, not conjectural or hypothetical."
20 *Id.* (internal quotation marks and citations omitted). To be "particularized," an
21 injury "must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v.*
22 *Robins*, 578 U.S. 330, 339 (2016). "[A] plaintiff raising only a generally available
23 grievance about government—claiming only harm to his and every citizen's
24 interest in proper application of the Constitution and laws, and seeking relief that
25 no more directly and tangibly benefits him than it does the public at large—does
26 not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74. To be
27 "concrete," an injury "must be '*de facto*'; that is, it must actually exist." *Id.* At
28 340. It cannot be abstract or conjectural. *See Id.*

Plaintiff claims that 5161 interferes with her parental rights, but she has not alleged that 5161 applied to her child, deprived her of information about her child, or caused her to take any action related to her child's education, health, or upbringing. She claims that 5161 interfered with her and her child's rights to free speech and the free exercise of their religion, but she does not allege that she or J. Doe were ever punished for speaking or behaving a certain way, deterred from speaking or behaving a certain way, or forced to speak or behave a certain way under AR 5161. If Plaintiff asserts any remaining harm at all, it is not concrete, because it does not "actually exist," *Spokeo, Inc.*, 578 U.S. at 340, it is not particularized, because it is one shared by every parent with a student in the Washoe County School District, *id.* at 339.

Thus, the Court does not have jurisdiction to hear any of Plaintiff's claims.

### IV. CONCLUSION

It is therefore ordered that Defendant Washoe County School District's Motion to Dismiss (ECF No. 24) is granted.

It is further ordered that Plaintiff Jane Doe's Complaint (ECF No. 1) is dismissed, and her Motion for Preliminary Injunction (ECF No. 12) is denied as moot.

The Court Clerk is directed to enter judgment accordingly and close this case.

Dated this 22nd day of January 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE